IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER MONTGOMERY | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| CITY OF PHILADELPHIA, ET AL. | : | NO.  13cv256 |
| ALEXINE FLECK | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| CITY OF PHILADELPHIA, ET AL. | : | NO.  13cv3081 |
| COULTER LOEB | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| CITY OF PHILADELPHIA, ET AL. | : | NO.  13cv3082 |

<u>SCHEDULING ORDER</u>

**AND NOW**, this 1st day of October, 2013, after conference with counsel, **IT IS HEREBY ORDERED** as follows:

1.   The scheduling order dated April 10, 2013 in Montgomery v. City of Philadelphia, <u>et al</u>., Civil Action Number 13cv256 is **VACATED.**

### <u>Discovery</u>

2.  All discovery shall proceed forthwith and continue in such manner as will assure that all requests for, and responses to, discovery will be noticed, served and completed by **<u>January 31, 2014</u>**.  Discovery may take place thereafter by agreement of the parties without court approval, so long as the trial will not be delayed and trial preparation will not unreasonably be disrupted. No discovery may take place during the trial unless directed by the court.

3.   Plaintiff shall comply with the requirements of Fed.R.Civ.Proc. 26(a)(2) for disclosure of expert testimony forty (40) days prior to the close of the discovery period.

4.   Defendant shall comply with the requirements of Fed.R.Civ.Proc. 26(a)(2) for disclosure of expert testimony  twenty (20) days prior to the close of the discovery period.

### <u>Motions</u>

5.   All motions to amend the complaint, join or add additional defendants or name John Doe defendants shall be filed within 60 days of the date of this order.  All motions for summary judgment or partial summary judgment shall be filed and served on

or before **March 3, 2014**. All motions shall be filed and served prior to the close of the discovery period, other than motions in limine. Any motions filed in violation of this order shall be deemed waived unless good cause is shown.

No brief filed in support of or in opposition to any motion shall exceed twenty-five (25) pages in length without prior leave of court. The moving party may file a reply brief, limited to a maximum of seven (7) pages, within five (5) business days of the filing of the opposing party's response.

6. In addition to a brief, any party filing a motion for summary judgment or partial summary judgment shall file a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the party contends there is no genuine issue to be tried. The party must support each of the material facts with specific citations to the underlying record, and attach a copy of the relevant portions of that record, if practicable and not already of record. Failure to submit such a statement of material facts with citations may constitute ground for denial of the motion.

The opposing party shall file a separate, short and concise statement, responding to the numbered paragraphs in the moving party's statement, of the material facts as to which the opposing party contends there is a genuine issue to be tried and shall conform to the record citation requirements listed above. All factual assertions set forth in the statement required to be served by the moving party shall be deemed admitted unless controverted by the statement required to be served by the opposing party.

s/William H. Yohn Jr.
William H. Yohn Jr., Judge