IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER MONTGOMERY, et al | : | ALL CONSOLIDATED CASES |
| | : | |
| Plaintiffs, | : | No. 13-3081 |
| v. | : | No. 13-0256 |
| | : | No. 13-03082 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | Jury Trial Demanded |
| Defendants | : | |

### ORDER

And now, this _____ day of _____ 2013, upon consideration of The City of Philadelphia's Motion for a Protective Order, it is hereby **ORDERED and DECREED** that said Motion is **GRANTED**. The City of Philadelphia is hereby protected from producing Police Commissioner Charles Ramsey to testify in this matter.

                                                                       **BY THE COURT:**

                                                                       _____

                                                                       **J. YOHN**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER MONTGOMERY, et al | : | ALL CONSOLIDATED CASES |
| | : | |
| Plaintiffs, | : | No. 13-3081 |
| v. | : | No. 13-0256 |
| | : | No. 13-03082 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | Jury Trial Demanded |
| Defendants | : | |

### THE CITY OF PHILADELPHIA'S MOTION FOR A PROTECTIVE ORDER

The City of Philadelphia, (hereinafter "City") by and through the undersigned counsel, hereby incorporates the accompanying Memorandum of Law, and respectfully requests that this Court grant the City's Motion and enter an Order that counsel for the City of Philadelphia is protected from producing Police Commissioner Charles Ramsey to testify in this matter.

                SHELLEY R. SMITH
                CITY SOLICITOR

                CRAIG M. STRAW
                CHIEF DEPUTY CITY SOLICITOR

                Respectfully submitted,

Date: December 31, 2013         /s/  Amanda C. Shoffel
                Amanda C. Shoffel, Esq.
                City of Philadelphia Law Department
                Civil Rights Unit
                1515 Arch Street, 14th Floor
                Philadelphia, PA 19102
                amanda.shoffel@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER MONTGOMERY, et al | : | ALL CONSOLIDATED CASES |
| | : | |
| Plaintiffs, | : | No. 13-3081 |
| v. | : | No. 13-0256 |
| | : | No. 13-03082 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | Jury Trial Demanded |
| Defendants | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR PROTECTIVE ORDER BY THE CITY OF PHILADELPHIA**

Pursuant to the Federal Rules of Civil Procedure, The City of Philadelphia hereby files this Motion for a Protective Order to preclude Police Commissioner Charles Ramsey from testifying in the above-captioned matter.

## I.   FACTUAL OVERVIEW AND PROCEDURE

Lead Plaintiff Christopher Montgomery filed a Complaint on January 16, 2013 against the City of Philadelphia and Police Officer Killingsworth. Plaintiff Montgomery alleges the City and Officer Killingsworth are liable to him for the following violations of his constitutional rights: Count I, First Amendment Retaliation; Count II, Fourth Amendment Malicious Prosecution; Count III, Fourth Amendment Unlawful Search and Seizure; and Fourth Amendment False Arrest/Imprisonment. Plaintiffs Alexine Fleck and Coulter Loeb filed Complaints on June 5, 2013, alleging the same claims with varying factual predicates. All Plaintiffs allege they were committing no crimes, but were arrested for engaging in the First Amendment protected activity of recording or observing police arrest citizens in public spaces. The three cases were consolidated for discovery and dispositive motions before this Honorable Court.

Plaintiffs now seek to depose Commissioner Charles Ramsey regarding the arrest of a third party witnesses, Mark Fiorino. In summary:

> Mark Fiorino, a 25 year-old IT worker from suburban Montgomery County, was walking on the street in Northeast Philadelphia on February 13 [2011] with his handgun exposed on his hip- and an audio recorder on his pocket. A police officer driving by in a cruiser, Sgt. Michael Dougherty, stopped and called out to him, prompting a tense, 40 minute encounter.

See, Exhibit A, NBC10.com, "Man Has Exposed Gun in Phila., Charged" from May 16, 2011 at ¶ 2. Fiorino was arrested for disorderly conduct and recklessly endangering another person. The NBC10 article indicates that Fiorino was investigated in the weeks following the incident at the direction of Commissioner Ramsey. Id. at ¶ 8. Plaintiffs claim the arrest of Fiorino is evidence in support of their municipal liability claim against The City of Philadelphia.

Plaintiff's counsel seeks to depose Commissioner Ramsey regarding his knowledge of the incident, as well as his role as a policymaker for the Philadelphia Police Department. The City of Philadelphia moves for a Protective Order because Plaintiff's proffered reasons are legally insufficient. Top executive department officials should not be required to appear to testify absent extraordinary circumstances. Buono v. City of Newark, No. 06-3414, 2008 U.S. Dist. LEXIS 14137 (D.N.J. 2008). Extraordinary circumstances exist where, among other factors, Plaintiff has established testimony from high ranking officials is essential to his case, and is not available from any other source.  Bogan v. City of Boston, 489 F.3d. 417, 423-24 (1st Cir. 2007) (depositions of high ranking officials may be taken where the official has first-hand knowledge that cannot be obtained from other sources). Because Plaintiff has failed to meet this burden, a Protective Order is the appropriate remedy.

II.     **LEGAL STANDARD**

Although the Court of Appeals for the Third Circuit has not explicitly spoken on this issue, many other courts have. Buono, 2008 U.S. Dist. LEXIS 14137, at *5. The Supreme Court in United States v. Morgan, indicated that the practice of calling high ranking government officials as witnesses should be discouraged. Morgan, 313 U.S. 409 (1941). Relying on Morgan, other courts have concluded that top executive department officials should not be required to appear for depositions or testify at trial absent extraordinary circumstances, even if the deposition seeks to probe their reasons for taking official action.[1] Buono, 2008 U.S. Dist. LEXIS 14137, at *5 (emphasis added); citing Simplex Time Recorder Co. v. Sec'y of Labor, 766 F.2d 575, 586 (D.C. Cir. 1985); see also In re United States (Holder), 197 F.3d 310, 313 (8th Cir. 1999); In re United States (Kessler), 985 F.2d 510, 512 (11th Cir.1993) (observing that the "reason for requiring exigency before allowing the testimony of high government officials is obvious"); In re Office of Inspector General, R.R. Retirement Bd. 933 F.2d 276, 278 (5th Cir. 1991) (stating that the Court agrees with "our D.C. Circuit colleagues [in Simplex] that 'top executive department officials should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions'").

To determine if extraordinary circumstances exist, the Court must consider whether or not the party seeking the testimony has shown: (1) that the official's testimony is essential to the case; (2) the official has first-hand information that cannot be reasonably obtained from other sources; (3) the deposition would not significantly interfere with the ability of the official to perform his government duties; and (4) that the evidence sought is not available through any alternative source or less burdensome means. Buono v. City of Newark, No. 06-3414, 2008 U.S. Dist. LEXIS 14137 (D.N.J. 2008).

---

[1] The cases do not distinguish between deposition testimony and trial testimony.

### III.  ARGUMENT

Commissioner Ramsey is a high ranking government official and therefore not subject to being deposed absent a showing of extraordinary circumstances. Halderman v. Pennhurst State Sch. & Hosp., No. 74-1345, 1982 U.S. Dist. LEXIS 18228 (E.D. Pa. 1982) (citing "Department heads" as high ranking officials).  Plaintiffs claim extraordinary circumstances exist for Ramsey's testimony because of his knowledge of the Fiorino incident, and his role as a policymaker for the Philadelphia Police Department.[2]  Pursuant to Buono, these topics are wholly insufficient as to require the testimony of the Police Commissioner.

a. <u>Plaintiffs have failed to demonstrate Commissioner Ramsey has essential, first-hand knowledge not available from any other source.</u>

A party seeking the testimony of high ranking government officials must first demonstrate that his testimony is essential to that party's case, and that this evidence is not available through any alternative source. Hankins v. City of Philadelphia, No. 95-1449, 1996 U.S. Dist. LEXIS 13314, at *4 (E.D. Pa. 1996).

In Hankins, the plaintiff filed a motion to compel the deposition testimony of Mayor Edward Rendell.  The plaintiff wanted to depose Mayor Rendell regarding changes that were made to the eligibility requirements for an AIDS Program Director position.  The plaintiff believed that the changes were made for an illegitimate purpose and that Mayor Rendell had information regarding the political reasons for having chosen another director over plaintiff.  The Court found these reasons unconvincing, finding the plaintiff failed to show that Mayor Rendell's testimony was essential to his case or that he could not get that information from

---

[2] The role of the Commissioner as a policymaker is not an appropriate basis to require the testimony of a high ranking official. The role of the Police Commissioner is general information about the role of city personnel and government functions. It is certainly information that can be obtained from other sources, and information that can be obtained from lesser-ranking officials. Halderman, 1982 U.S. Dist. LEXIS 18228, at*11; citing Sneaker Circus, Inc. v. Carter, 457 F. Supp. 771, 794 n. 33 (E.D. N.Y. 1978); United States v. Northside Realty Assoc., 324 F. Supp. 287, 293 (N.D. Ga. 1971). In the interest of brevity, the instant motion focuses on the contention that the Commissioner must testify because he may have personal knowledge about the arrest of Fiorino.

another source. As such, the Court denied plaintiff's motion because the plaintiff failed to demonstrate the type of need required to divert the Mayor from his official duties.[3] Hankins, 1996 U.S. Dist. LEXIS 13314, at *6.

Plaintiff's reasons here are similarly unavailing. Plaintiff claims because the NBC News article indicates an investigation took place at the direction of the Commissioner, he must have personal knowledge of the Fiorino case. This is insufficient. "Mere knowledge or awareness of information that may be helpful if discovered is insufficient." Hankins, 1996 U.S. Dist. LEXIS 13314, at *8. A newspaper article indicating the Commissioner directed Detectives to investigate Fiorino does not, by itself, warrant the testimony of a high-ranking official. Even where the deposition seeks to probe reasons for taking official action, Plaintiffs must still demonstrate the information cannot be obtained from any other source. Buono, 2008 U.S. Dist. LEXIS 14137, at *5 (emphasis added); citing Simplex Time Recorder Co. v. Sec'y of Labor, 766 F.2d 575, 586 (D.C. Cir. 1985);

Here, any information regarding the criminal investigation can certainly be obtained from other sources. Bogan, 489 F.3d at 424 (affirming decision to grant protective order where plaintiffs failed to show that they pursued other sources to obtain relevant information before seeking to take the mayor's deposition); Simplex Time Recorder, 766 F.2d at 587 (deposition of high ranking official improper where plaintiff did not first seek to obtain information from written sources). For example, the Detective who was actually assigned to investigate the Fiorino case has more intimate knowledge of the case.

Additionally, Plaintiffs have not taken the depositions of any other police or officials regarding the investigation. Even the NBC10 article cited by Plaintiffs does not contain any

---

[3] The Court also noted that it denied Plaintiff's motion because the plaintiff had failed to obtain leave of court to depose the Mayor after conducting eleven depositions and then scheduling ten more depositions not including the Mayor. See Fed. R. Civ. P. 30 (a) (2) (A).

quote or comment by Commissioner Ramsey. All comments were made by police spokesman Lt. Raymond Evers. Even if Plaintiffs seek information regarding *conversations* the Commissioner may have had with Lt. Evers, this information can certainly be obtained through Evers. Marisol et al. v. Giuliani, et al., No. 95 Civ. 10533, 1998 U.S. Dist. LEXIS 3719, at *6 (S.D.N.Y. 1998) (granting the Mayor a protective order because information could be obtained from other employees). Certainly Lt. Evers, as well as the assigned Detective, are alternative sources of information on the same issues. Plaintiffs simply cannot demonstrate extraordinary circumstances where they fail to overcome this low hurdle of exploring at least some other avenue.

   b. Plaintiffs have failed to demonstrate the deposition would not significantly interfere with the ability of the official to perform his government duties.

The immunity afforded to high-ranking officials advances the public policy of allowing officials to perform their official tasks without disruption or diversion. Hankins, 1996 U.S. Dist. LEXIS 13314, at *3; citing, Warzon v. Drew, 155 F.R.D. 183, 185 (E.D.Wis. 1994), aff'd, 60 F.3d 1234 (7th Cir. 1995). Such immunity is premised on a public policy concern that high ranking government officers be permitted to perform their official tasks without disruption or diversion. Warzon, 155 F.R.D. at 185. As discussed, the Supreme Court in Morgan, indicated that the practice of calling high ranking government officials as witnesses should be discouraged. Morgan, 313 U.S. 409 (1941). High ranking officials, such as Commissioner Ramsey, "have greater duties and time constraints than other witnesses and . . . will spend an inordinate amount of time tending to pending litigation" without appropriate discovery limitations. Bogan, 489 F.3d at 423 (1st Cir. 2007) (internal quotations omitted). For these reasons, Commissioner Ramsey should not be compelled to testify in the instant case.

## IV. CONCLUSION

Plaintiffs have failed to establish extraordinary circumstances exist that warrant the testimony of Commissioner Ramsey because they cannot satisfy any of the requirements of Buono. Because Plaintiffs have failed to meet their burden, a Protective Order is the appropriate remedy.

Respectfully submitted,

Date: December 31, 2013

/s/ *Amanda C. Shoffel*
Amanda C. Shoffel
Deputy City Solicitor
City of Philadelphia Law Department
Civil Rights Unit
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
amanda.shoffel@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER MONTGOMERY, et al | : | ALL CONSOLIDATED CASES |
| | : | |
| Plaintiffs, | : | No. 13-3081 |
| v. | : | No. 13-0256 |
| | : | No. 13-03082 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | Jury Trial Demanded |
| Defendants | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused a copy of the foregoing Motion by The City of Philadelphia to be filed electronically and is available for viewing and downloading from the ECF System of the U.S. District Court for the Eastern District of Pennsylvania and thus served upon all parties of record.

SHELLEY R. SMITH
CITY SOLICITOR

CRAIG M. STRAW
CHIEF DEPUTY CITY SOLICITOR

Respectfully submitted,

Date: December 31, 2013      /s/ *Amanda C. Shoffel*
Amanda C. Shoffel
Deputy City Solicitor
City of Philadelphia Law Department
Civil Rights Unit
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
amanda.shoffel@phila.gov